

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ERIC STOKES, § | |
|     Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 4:23-06378-MGL |
| § | |
| JAMES HUDSON, KELLY PHILBROOK, § | |
| DIRECTOR WADDEL COE, and JANACE § | |
| PRIVATE, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
AND SUMMARILY DISMISSING DEFEDANTS HUDSON AND COE
WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Eric Stokes (Stokes) filed this action against Defendants James Hudson (Hudson), Kelly Philbrook, Director Waddel Coe (Coe), and Janace Private. He is representing himself.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court summarily dismiss Hudson and Coe with prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 14, 2024.  The Clerk's Office docketed a letter from Stokes, which the Court liberally construes as an objection, on February 22, 2024.

Stokes's letter appears to merely reiterate the allegations in the complaint.  He has failed to explain how Hudson and Coe were personally involved in the claimed deliberate indifference to his medical needs.  Nor does he set forth any facts to state a claim as to supervisory liability.

The Court will thus overrule Stokes's construed objection.

Whether to dismiss a complaint with or without prejudice for failure to state a claim is within the discretion of the district court.  *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985).  Courts, however, "should freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Dismissal with prejudice should be reserved for complaints with deficiencies that are "truly incurable[.]"  *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) (abrogated on other grounds).

The Court is unable to determine Stokes's claims against Hudson and Coe are truly incurable.  Accordingly, the Court will dismiss them without prejudice.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report to the extent it does not contradict this order and incorporates it herein.  Therefore, it is the judgment of the Court Hudson and Coe are summarily **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 2nd day of April, 2024, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.