UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Stokes #12610, | ) | C/A No. 4:23-06378 MGL-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kelly Philbrook, | ) | |
| Janace Private, | ) | |
| Defendants. | ) | |

This is a civil action filed by a pretrial detainee. A serve order as to only Defendants Philbrook and Private was entered on February 14, 2024, and summonses were issued. (ECF Nos. 16, 20). The recommendation dismissing some parties without prejudice was adopted. (ECF No. 25). The summons only as to Defendant Philbrook returned unexecuted; the other summons returned executed and that defendant filed an answer. (ECF Nos. 34, 35, 43). The Marshal's Form USM-285 indicated Defendant Philbrook could not be served despite three in-person endeavors by the USMS with a greater distance of mileage each time. (ECF No. 35). Plaintiff was previously ordered:

> **The providing of sufficient, accurate, and complete information on the Forms USM-285 is the responsibility of Plaintiff.** While the USMS is to make reasonable efforts to serve identified defendants, such obligation only arises once a plaintiff has properly identified the defendant. *See Shirley v. Staubs*, No. 20-6210, 2020 WL 4037633, at *1 (4th Cir. July 17, 2020)(unpublished)*(citing Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) and *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010)). Also, Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 90 days after the complaint is filed, this Court may have to dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal is mandatory unless good cause is shown if a Defendant is not served within the days provided by the rule.

(ECF No. 36). Plaintiff was previously ordered to provide "additional identifying information" and advised if additional identifying information was not provided that Defendant Philbrook may be dismissed. (ECF No. 36).

Plaintiff responded to the order, but the information provided was not new or "additional." The USMS already committed three in-person endeavors to serve Defendant Philbrook with longer mileage each time, at a total cost as to this defendant alone of $302.88, with similar information.

Plaintiff has not complied appropriately with the order and has not provided further identifying information regarding Defendant Philbrook sufficient to re-issue service. Plaintiff's lack of an appropriate response indicates an intent to not prosecute this case against Defendant Philbrook and subjects this defendant to dismissal. *See* Fed. R. Civ. P. 41(b); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given), *cert. denied* 493 U.S. 1084 (1990); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard*, 882 F.2d at 93; *Chandler Leasing Corp.*, 669 F.2d at 919. In considering whether dismissal is appropriate pursuant to Rule 41(b), the Court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
> (2) the amount of prejudice to the defendant;
> (3) the history of the plaintiff in proceeding in a dilatory manner; and
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

In the present case, Plaintiff is proceeding *pro se*, and he is entirely responsible for his actions. It is solely through Plaintiff, and not that of an attorney, that Plaintiff has not provided additional, appropriate information in order to complete service on Defendant Philbrook. Plaintiff was previously warned that: "**The providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff**." The Court has "inherent power to

manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 90 days after the complaint is filed, this Court may dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal is mandatory unless good cause is shown if a Defendant is not served within the days provided by the rule. Service of the Complaint as to Defendant Philbrook was due by May 14, 2024, and has not been completed.

Accordingly, Defendant Philbrook is dismissed from this action without prejudice pursuant to Fed. R. Civ. Proc. 41(b), or in the alternative under Fed. R. Civ. Proc. 4 .

**IT IS SO ORDERED.**

July 30, 2024  
Columbia, South Carolina

s/Mary Geiger Lewis  
The Honorable Mary Geiger Lewis  
United States District Judge