UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Stokes #12610, | ) | C/A No.  4:23-06378 MGL-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| James Hudson, | ) | |
| Director Waddel Coe, | ) | |
| Kelly Phillbrook, Janace Privette, | ) | |
| Defendants. | | |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.  *See* 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

In February 2024, the undersigned recommended a partial dismissal of this action, with Defendant Coe and Hudson summarily dismissed and Defendants Philbrook(now spelled by Plaintiff as "Phillbrook") and Privette authorized for service. (ECF No. 18). The recommendation was adopted by the district judge in April 2024, noting the dismissal of Defendants Coe and Hudson would be without prejudice as the court was unable to determine if the claims against Coe and Hudson were "truly incurable." (ECF No. 25 at 2). The district court noted Plaintiff had "failed to explain how Hudson and Code were personally involved in the claimed deliberate indifference to his medical needs. Nor does he set forth any facts to state a claim as to supervisory liability." (ECF No. 25 at 2). Plaintiff filed late objections. (ECF No. 28). The district judge noted Plaintiff could not amend his complaint through objections and instructed Plaintiff he would need to move to amend his complaint no later than June 21, 2024. (ECF No. 30). Meanwhile, Defendant Private(corrected now to Privette) was served and her attorneys entered the action and filed an answer in June 2024. Defendant Philbrook's summons stated it was unable to be executed after three different attempts by the USMS, each at a longer distance. (ECF No. 35). Plaintiff was ordered to provide additional identifying information for Defendant Philbrook. (ECF No. 36). Plaintiff responded to the order, but the information provided was not new or "additional," and Plaintiff had not complied with the order with an appropriate response. (ECF No. 47 at 2). Defendant Philbrook was unable to be served and was dismissed without prejudice under R. 41(b) or in the alternative under R. 4. (ECF No. 47). Plaintiff untimely filed a motion to amend with no proposed amended complaint attached. (ECF No. 50). On August 2, 2024, Plaintiff was ordered to file:

the appropriate motion with an attached proposed Amended Complaint containing all allegations. Plaintiff is advised that the Amended Complaint will supercede the previous original complaint, and it must be complete in itself without reference to any prior or superceded pleading. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Therefore, this motion (ECF No. 50 ) is denied. If Plaintiff does not file a motion to amend the complaint with the attached proposed amended complaint within fifteen days of the date of this order as set forth above, the deadlines in the scheduling order will stand.

(ECF No. 51). On August 16, 2024, Plaintiff filed an Amended Complaint.

On page one of the Amended Complaint all four prior defendants are listed. On pages two and three of the Amended Complaint only Defendants listed are Privette and Phillbrook. As in the original complaint, Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights. Plaintiff initially submitted a letter with no named defendants to commence this action; later, Plaintiff submitted a complaint form naming individual defendants. Liberally construed, Plaintiff's allegations may involve conditions of confinement, failure to protect, and medical deliberate indifference.

Plaintiff alleges four separate events/claims. Plaintiff alleges he told "them" in September 2023 that he blacks out and he could not be on top bunk. Plaintiff blacked out from top bunk and fell three days after informing "them." His roommate beat on the door for forty-five minutes for help. Defendant Phillbrook said there was no medical at night and did not get any help.  Later, Privette said he did not have a broken bone. However, October x-rays showed Plaintiff had a broken clavicle. Plaintiff alleges he was without proper care or proper medication for a broken bone for several days.

Plaintiff alleges in November he fell in the shower. He asked for medical. Privette came and nothing was done. Plaintiff alleges he received some x-rays later.

Plaintiff alleges he fell on the way to the shower in December and medical was called and

4

no one came. At that time, Plaintiff believed he re-broke his clavicle and hurt his hands and back. Plaintiff alleges there were only x-rays done on his clavicle and no x-ray done on his hands. Plaintiff's clavicle was still broken in December from September's incident.

Plaintiff alleges it is in his records from September that he is supposed to be taking medications due to mental health diagnosis, but that his medications have been denied. Plaintiff alleges the blackouts and hallucinations resulting in the falls are from a head injury from childhood and that it is notated in his medical records at the jail. Plaintiff also requests x-rays on back and hands.

Plaintiff alleges without any causal connection allegations as to the present defendants that he was transferred to a suicide cell for 30 days and that the real reason was "because of all the paperwork I was sending out of the jail."

Plaintiff alleges as injuries a broken clavicle, broken left hand, snapped tendons in right knee, and no medication for PTSD, bipolar, explosive disorder, and ADHD. Plaintiff alleges Defendant Privette said he might need surgery at this point for his clavicle. Plaintiff requests monetary relief.

Plaintiff's allegations liberally construed are sufficient to withstand summary dismissal as to Defendants Phillbrook and Privette, and this same day reissuance of service electronically as to Phillbrook and Privette has been authorized. Given the USMS's prior attempts and the prior attempts to have Plaintiff provide additional information regarding Phillbrook to be able to serve Phillbrook, Plaintiff was ordered on August 21, 2024 to provide additional identifying information. (ECF No. 56). Plaintiff has now provided minimal, but at this time, enough information to attempt service again despite the prior dismissal; the information provided was correction of the name from Philbrook to Phillbrook and that she works the night shift. (ECF No. 60).

5

To the extent Plaintiff is attempting to allege supervisory liability as to Defendants Hudson, the sheriff, and Coe, the director of the detention center, such defendants are subject to summary dismissal because no facts are alleged as to personal involvement and supervisory liability. The allegations are not significantly different than the prior Complaint despite Plaintiff being ordered to sufficiently allege the involvement of each defendant. (ECF No. 51). In a § 1983 action, Plaintiff must allege that an individually personally acted in alleged violations. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). At most, Plaintiff alleges he faxed his "exhaustion" to Coe and Hudson. Plaintiff does not allege any facts about a response but that he was informing them he was taking legal action against them and medical providers. Plaintiff has failed to state a claim upon which relief can be granted as to Defendants Coe and Hudson. *See Green v. Beck*, 539 Fed. Appx. 78, 80 (4th Cir. 2013)(failure of supervisor to respond to inmate grievance, without additional personal involvement in grieved situation, not sufficient to establish supervisor's liability under § 1983).

### <u>RECOMMENDATION</u>

Accordingly, it is recommended that the district court partially dismiss the amended complaint in this case. Specifically, it is recommended that Defendants Coe and Hudson be summarily dismissed and without issuance and service of process. In a separately docketed order, the court has authorized the electronic service of process on the remaining Defendants Privette and Phillbrook.

<table>
<tr><td></td><td><u>s/ Thomas E. Rogers, III</u></td></tr>
<tr><td>September 12, 2024</td><td>Thomas E. Rogers, III</td></tr>
<tr><td>Florence, South Carolina</td><td>United States Magistrate Judge</td></tr>
</table>

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).