

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERIC MICHAEL STOKES,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No.: 4:23-6378-MGL |
| | § | |
| JANICE PRIVETTE and KELLY<br>PHILLBROOK,<br>　　　　Defendants. | §<br>§<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Eric Michael Stokes (Stokes), a pretrial detainee who is representing himself, filed this civil action against Defendants Janice Privette (Privette) and Kelly Phillbrook (Phillbrook) (collectively, Defendants). Stokes alleges Defendants violated his constitutional rights under 42 U.S.C. § 1983 (Section 1983).

This matter is before the Court for review of the two Reports and Recommendations (collectively, the Reports) of the United States Magistrate Judge, which were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. In the first (Report I), the Magistrate Judge suggests the Court grant Privette's motion for summary judgment on the merits. And, in the second Report (Report II), the Magistrate Judge proposes the Court grant Phillbrook's motion for summary judgment for failure to exhaust.

To date, the parties have failed to file any objections as to Report I. Phillbrook, however, has filed objections to Report II. Stokes neglected to reply.

The Reports contain a comprehensive recitation of the facts, which the Court finds unnecessary to repeat in full here. Nonetheless, for context, the Court will briefly summarize the relevant factual and procedural history.

On September 23, 2023, Stokes fell off of his top bunk at the W. Glenn Campbell Detention Center (WGCDC). Phillbrook, a correctional officer at WGCDC, responded to Stokes's cell. Phillbrook stated WGCDC lacked medical staffing on night shift and advised Stokes to place a sick call request for the next day. Stokes claims Phillbrook neither requested emergency services nor informed the medical team of his fall.

Four days later, Privette, a nurse at WGCDC, met with Stokes to complete his history and physical medical form. Stokes told Privette he was prescribed Prozac for post-traumatic stress disorder, and he had recently fallen. Privette noted Stokes's left shoulder had full range of motion, and although his clavicle area was bruised and tender, there was an absence of boney prominence. She thus administered Motrin. Privette was unable, however, to confirm Stokes had any current prescriptions for Prozac.

An x-ray thereafter revealed Stokes had a fractured clavicle. Privette consulted with an orthopedist, who recommended Stokes use a sling and/or clavicle straps. Privette thus ordered these devices, one of which Stokes used. A subsequent x-ray showed his fracture was healing.

Although Stokes suffered another fall in December 2023 and experienced resultant pain around his left clavicle and in his right hand, an x-ray showed his fracture was continuing to heal and failed to indicate any new injuries.

Stokes thereafter brought this Section 1983 suit for monetary relief. He alleges deliberate indifference claims against Defendants.

As the Court indicated above, Defendants filed separate motions for summary judgment, and the Magistrate Judge recommends the Court grant the motions.

Although the Reports were returned to the Court as undeliverable to Stokes, the Magistrate Judge earlier advised Stokes of his duty "to always keep the Clerk of Court advised in writing . . . if [his] address changes for any reason, so as to assure that orders or other matters that specify deadlines for [him] to meet will be received by [him]."  January 12, 2024 Order at 2–3 (emphasis omitted).  The Magistrate Judge also informed Stokes any failure to comply with this requirement is deemed inexcusable and could result in dismissal of his case.

Accordingly, the Court need only review Report I, to which neither Stokes nor Privette objects, for clear error.  Having done so, the Court is unable to discern any clear error in the Magistrate Judge's recommendation the Court grant Privette's motion for summary judgment.

Turning now to Report II, as the Court previously explained, the Magistrate Judge suggests the Court grant Phillbrook's motion for summary judgment for failure to exhaust.

Phillbrook states she "does not object to the [Report] but does wish to note that her [m]otion for [s]ummary judgment and its supporting memorandum of law also moved the Court for a grant of summary judgment on other grounds that were not addressed in the [Report]."  Phillbrook's Objections at 1.  But, because Stokes's failure to exhaust his administrative remedies is dispositive, it is unnecessary for the Court to rule on Phillbrook's alternative bases for summary judgment.  *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").  So, the Court will overrule Phillbrook's objections.

Therefore, after a thorough review of the Reports and the record in this case under the standards set forth above, the Court overrules Phillbrook's objections, adopts the Reports, and incorporates them herein.  It is thus the judgment of the Court Defendants' motions for summary judgment are **GRANTED**.  Stokes's claims against Privette are dismissed with prejudice, and his claims against Phillbrook are dismissed without prejudice.

**IT IS SO ORDERED.**

Signed this 22nd day of September 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.